IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAMON JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:21-cv-940 |
| NFI INDUSTRIES, INC., | ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant, NFI Interactive Logistic, LLC ("NFIL"), erroneously sued as NFI Industries, Inc., by counsel, respectfully removes the above-captioned matter from St. Joseph Circuit/Superior Court to the United States District Court for the Northern District of Indiana, South Bend Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of this removal, NFIL states as follows:

### I.    PLEADINGS

1. On October 29, 2021, Plaintiff commenced an action against NFIL in the St. Joseph County, Indiana, Circuit/Superior Court. That action bears the same title as above and is docketed as Cause No. 71D06-2110-CT-000399 in the state court ("the State Court Action").

2. The Summons and Complaint were first served on NFIL by certified mail on November 22, 2021. Counsel for NFIL filed her Appearance in the State Court Action on December 13, 2021.

3. Pursuant to Federal Rules of Civil Procedure 81(c), NFIL's answer or other responsive pleading is currently due December 20, 2021.

US.135401675.05

## II.   REMOVAL IS PROPER IN THIS CASE

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.  The State Court Action may be removed pursuant to 28 U.S.C. § 1441 because removal is timely and (i) the State Court Action asserts claims arising under federal law, and (ii) there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(c)(1), and the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied.  This Court is the proper venue.

**A.   Removal Is Timely.**

5. Pursuant to 28 U.S.C. § 1446(b), the 30-day period for removal does not begin until service is perfected.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

6. Plaintiff served NFIL via certified mail on its registered agent on November 22, 2021.

7. Because NFIL is filing this removal within 30 days of service, removal is timely.

**B.   State Court Action Asserts Claims Arising Under Federal Law.**

8. The State Court Action asserts claims arising under federal law, namely the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., as amended.  (*See generally* Ex. A, Compl.)

9. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's FMLA claims because they arise under federal law.  Accordingly, this suit is removable to this Court pursuant to 28 U.S.C. § 1441(a).

C.   **The Diversity Of Citizenship Requirement Is Satisfied.**

10.   The Complaint alleges that Plaintiff is a citizen and resident of the State of Indiana and the underlying events that are the subject of the Complaint occurred in Indiana. (Ex. A, Compl. ¶¶ 2-3.)

11.   As Plaintiff does not reside in a state other than Indiana, and there is no indication in the Complaint of Plaintiff having significant contacts with other states, Plaintiff is a citizen of Indiana for diversity jurisdiction purposes.

12.   For purposes of assessing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

13.   NFI Industries, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Camden, New Jersey, and is an affiliate of NFIL. (Ex. B, Decl. of Sarah E. Pontoski ¶ 3.) NFIL is a limited liability company whose sole member is NFI, L.P. (*Id.*) NFI, L.P. is a limited partnership organized under the laws of the State of Delaware. (*Id.*) There are four partners of NFI, L.P. (*Id.*) Three are traditional trusts and one, NFI GP, LLC, is a Delaware LLC. (*Id.*)

14.   The three members of NFI GP, LLC are 1) Sidney R. Brown, who is domiciled in and a citizen of Pennsylvania; 2) Irwin J. Brown, who is domiciled in and a citizen of Texas; and 3) Jeffrey S. Brown, who is domiciled in and a citizen of New Jersey. (Ex. B, Decl. of Sarah E. Pontoski ¶4.)

15.   The names of the three trusts that are partners of NFI, L.P., the names those trusts' trustees, and the states in which the trustees are domiciled and of which they are citizens are shown on the following table:

US.135401675.05

|   | Name of Trust | Name of Trustee | State of Trustee's Domicile |
|---|---|---|---|
| 1. | Sidney R. Brown 2009 GST Exempt Family Trust Dated November 30, 2009 (a N.J. trust) | Sandra Brown & Scott Brucker | Pennsylvania & Pennsylvania |
| 2. | Jeffrey S. Brown 2015 GST Exempt Trust (a N.J. trust) | Daniel Cooper & Tracy Brown | Pennsylvania & New Jersey |
| 3. | Irwin J. Brown 2015 GST Exempt Family Trust (a Texas trust) | Scott Brucker | Pennsylvania |

(Ex. B, Decl. of Sarah E. Pontoski ¶5.)

16. No partner of NFI, L.P. is a citizen of Indiana. (Ex. B, Decl. of Sarah E. Pontoski ¶6.)

17. For purposes of assessing diversity jurisdiction, the citizenship of both a limited partnership and limited liability corporation consists of the citizenship of all of its members. *Carden v. Arkoma Associates,* 494 U.S. 185, 195-96 (1990).

18. NFIL, based on the citizenship of its sole member NFI, L.P., is therefore, a citizen of Pennsylvania and New Jersey for purposes of determining diversity jurisdiction.

19. Thus, no defendant in the action is a citizen of the State of Indiana within the meaning of the Acts of Congress.

20. This Court has jurisdiction over civil actions between citizens of different states. 28 U.S.C. § 1332(a)(1).

21. Accordingly, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a)(1).

D. **The Amount In Controversy Requirement Is Satisfied.**

22. A defendant can establish the amount in controversy by setting forth allegations in the notice of removal the demonstrate the amount in controversy exceeds $75,000. See *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014) ("In sum, as specified in

§ 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

23. When a plaintiff's state court complaint does not specify a particular amount of damages, a defendant may establish the amount in controversy "by putting forth a good-faith estimate."  *See Bunch v. Wal-Mart,* No. 1:09-CV-071, 2009 WL 1076162, at *2 (N.D. Ind. Apr. 20, 2009).

24. Plaintiff's Complaint establishes that he is seeking general economic and non-economic damages, compensatory damages, restitution, liquidated damages, pre- and post-judgment interest, and attorneys' fees.  *See* Ex. A, Prayer for Relief.

25. Plaintiff separated his employment with NFIL in November 2019.  *See* Ex. A., ¶ 31.  His gross pay for the year through November 2, 2019 (just over 11 months), totaled $35,714.35.  (Ex. C, Decl. of Heather Nothnick ¶4.)  Thus, he averaged roughly $3,246.76 per month.  Assuming his compensation would have remained constant for the 24 months after his employment ended, Plaintiff would have earned approximately $77,922.24.  Because Plaintiff also seeks, among other things, liquidated damages and attorneys' fees pursuant to the FMLA, it is "facially apparent" from the Complaint that the amount in controversy, exclusive of interest and costs, exceeds $75,000 as required by 28 U.S.C. § 1332(a).  *See Bunch,* 2009 WL 1076162, at *2-3 (citations omitted).

26. Accordingly, although NFIL denies that Plaintiff is entitled to any recovery, Plaintiff's allegations in the Complaint, combined with the information provided herein,

demonstrate that it is more likely than not that Plaintiff's alleged claims exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**E.     Venue And Other Requirements Are Satisfied.**

27.     The United States District Court for the Northern District of Indiana, South Bend Division, is the United States District Court for the district and division embracing St. Joseph County, Indiana.  28 U.S.C. § 94(a)(2).  Thus, this Court is the proper venue for the action pursuant to 28 U.S.C. § 1441(a).

28.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on NFIL in this action are attached hereto as **Exhibit A**, and by this reference incorporated herein.

29.     To NFIL's knowledge, there are no other pleadings, documents, or orders that have been filed or served in the State Court Action as of the date of the filing of this removal.

30.     Pursuant to 28 U.S.C. § 1446(d), NFIL is serving this Notice of Removal on counsel for Plaintiff and filing it with the Clerk of the St. Joseph County, Indiana, Circuit/Superior Court.

WHEREFORE, Defendant, NFIL, hereby removes this action from the St. Joseph County, Indiana, Circuit/Superior Court to the United States District Court for the Northern District of Indiana, South Bend Division.

Respectfully submitted,

s/Amanda L. Shelby
Amanda L. Shelby (#27726-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Phone:  (317) 237-0300
Fax:  (317) 237-1000

amanda.shelby@faegredrinker.com

Attorney for Defendant,
NFI Interactive Logistic, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 13, 2021, a copy of the foregoing was filed electronically. Notice of this filing will also be sent to the following party by first-class U.S. mail, postage prepaid:

>Myra R. Reid
>ANDERSON, AGOSTINO & KELLER, P.C.
>131 S. Taylor Street
>South Bend, IN 46601
>reid@aaklaw.com

s/Amanda L. Shelby